Per Curiam.

We think it clearly proved, that the bil was drawn for the benefit and use of Gardner, and it doei not appear that the proceeds were applied to the purchase of the cargo ; on the contrary, it is testified by Howland, that he paid for the fourth part of the vessel and of the cargo, out of his own funds. If he gave notes, acceptances or bills which are not yet paid, it does not follow that Gardner had advanced beyond his due proportion for the cargo. Unless there were evidence from which it must necessarily be inferred, that the bill was drawn on account of the whole adventure, it would seem that the instruction to the jury was sufficiently favorable to the defendant; for it was left to them to decide upon the intent and understanding of the parties, notwithstanding that, by the terms of the bill, it would seem that there was no intent on the part of Gardner to charge any one but himself with the proceeds. The burden of proof *474 was certainly upon him to show an intent different from tl is apparent one.
The defendant seems to consider, that he had a lien upon all the proceeds of the vessel and cargo to secure such advances as he may have made to Howland before the vessel sailed, and even between that time and the assignment by Howland to the plaintiffs in August 1822, or for any general balance of accounts in his favor; but there is no semblance of a lien in the case. The property or the proceeds were not in the hands of the defendant. Howland held his fourth part of the vessel and cargo by a separate and distinct title from Gardner’s three fourths, though under Gardner. He had the power of disposal at the time of the assignment, there being no attachment or lien of any kind existing then. The master was accountable to the assignees for Howland’s share, and a fourth part of the proceeds now belongs to the plaintiffs, who are the assignees.
We think, that admitting that Howland was indebted for the cargo at the time of the assignment, or that there was a final balance against him in favor of Gardner, still there is no power of set-off in this action, because it is now a question of property between the plaintiffs, as assignees, and the defendant; who, by virtue of the agreement under which the action is brought, can stand in no better condition than if the present action were brought against Bates the master, or the person who is the stakeholder of the funds.[1]

Judgment according to verdict.

 See Abbott on Ship. (4th Amer. ed.) 79, and n. (1); Collyer on Partn. bk. 5, c. 3, § 1; 3 Kent’s Comm. (3d ed.) 39, 40; Nicholl v. Mumford, 20 Johns. R. 611; S. C. 4 Johns. Ch. R. 522; Merrill v. Bartlett, 6 Pick 46; Thorndike v. De Wolf, 6 Pick. 120.